UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY MACK LEONARD,<br><br>Plaintiff,<br><br>vs.<br><br>COALINGA STATE HOSPITAL, et al.,<br><br>Defendants. | 1:18-cv-01049-DAD-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER FOR PLAINTIFF TO EITHER:**<br><br>**(1) FILE AN AMENDED COMPLAINT**<br><br>**OR**<br><br>**(2) NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY WITH THE COGNIZABLE EXCESSIVE FORCE CLAIM AGAINST DEFENDANT BARRETT**<br><br>**THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED** |

**I.    BACKGROUND**

Harvey Mack Leonard ("Plaintiff") is a civil detainee[1] at Coalinga State Prison in Coalinga, California, proceeding *pro se* and *in forma pauperis* with this civil rights action

---

[1] Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

1

pursuant to 42 U.S.C. § 1983. On August 6, 2018, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. 28 U.S.C. § 1915. (ECF No. 1.)

## II. SCREENING REQUIREMENT

The *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. PLAINTIFF'S ALLEGATIONS IN THE COMPLAINT

Plaintiff names as defendants Coalinga State Hospital, Brandon Price (Executive Director), Samantha Sanchez (Unit #8 Supervisor), R. Gardenhire (Hospital Police Officer), T. Barrett (Hospital Police Officer), Floyd L. Gomes (Police Service Department), Sharlene (P.T.), Maria (P.T.), and 20 John/Jane Does (collectively, "Defendants").

Plaintiff's allegations follow. Plaintiff alleges that Coalinga State Hospital, through Executive Director Brandon Price, violated Plaintiff's rights under the Fourth, Seventh, Eighth, and Fourteenth Amendments, and acted against Plaintiff by elder abuse, assault with bodily injury, and theft of Plaintiff's personal property.

Defendant Samantha Sanchez, in her individual and official capacities, failed to protect the patient in her charge and stated to another patient that "he should have got up faster." Compl. at 4 ¶ 3. Defendants R. Gardenhire, T. Barrett, and others assaulted Plaintiff with bodily injury and elder abuse by taking his food out of his hand and throwing him into a steel bar window, then to the floor over a chair. When Plaintiff became conscious, T. Barrett was twisting his left arm hard, causing pain in Plaintiff's shoulder, lower back, right arm, right eye, and left knee. Plaintiff, who was sixty-eight years old, did not defend himself in any way.

Plaintiff seeks compensatory and punitive damages.

## IV. PLAINTIFF'S CLAIMS

### A. 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v.

Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Supervisory Liability

Plaintiff has named defendants who hold supervisory positions, e.g., Brandon Price (Executive Director) and Samantha Sanchez (Unit #8 Supervisor). Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).

"A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012) ) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.

"Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Here, Plaintiff has not adequately alleged that Brandon Price was personally involved or present at the time of the violations at issue. Further, there is no allegation demonstrating that Brandon Price or Samantha Sanchez were aware of any potential risk of harm to Plaintiff or that they failed to take reasonable measures to abate any risk. There also is no indication in Plaintiff's allegations that these defendants implemented any policy that was the moving force for any purported constitutional violation.

Therefore, to the extent that Plaintiff seeks to impose liability upon Brandon Price or Samantha Sanchez in their supervisory capacity, Plaintiff fails to state a claim.

### C.  **Personal Participation**

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson, 588 F.2d at 743.   In order to state a claim for relief, Plaintiff must connect the named defendants to the claimed denial of his rights. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant. . . ." (citation omitted) ); Johnson, 588 F.3d at 743-44) (discussing

///

///

"requisite causal connection" in section 1983 cases between named defendant and claimed injury). The court cannot determine from Plaintiff's Complaint what role, if any, defendants Floyd L. Gomes, Sharlene, Maria, or the 20 John/Jane Does played in the alleged deprivation of Plaintiff's rights. Therefore, Plaintiff fails to state a claim against defendants Floyd L. Gomes, Sharlene, Maria, and the 20 John/Jane Does.

Plaintiff shall be granted leave to file an amended complaint curing the deficiencies in his claims. To state a claim against a defendant, Plaintiff must name the defendant, allege facts showing what the defendant personally did that violated Plaintiff's constitutional rights, and discuss the harm to Plaintiff caused by the defendant's actions. Plaintiff must explain what happened to the best of his ability.

### D. Doe Defendants

Plaintiff names Doe defendants in this action. Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

### E. Eleventh Amendment Immunity

Plaintiff names Coalinga State Hospital as a defendant. Plaintiff is advised that he may not sustain an action against a state hospital. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted); see also Tennessee v. Lane, 541 U.S. 509, 517 (2004); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997); Clark v. California, 123 F.3d 1267, 1269 (9th Cir. 1997). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See P.R.

///

///

Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005); Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating that Board of Corrections is agency entitled to immunity). Because Coalinga State Hospital is a state hospital, it is entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendant Coalinga State Hospital.

### F. Excessive Force -- Fourteenth and Fourth Amendments

It is the Due Process Clause of the Fourteenth Amendment that protects civil detainees from the use of excessive force which amounts to punishment, Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citing Graham, 490 U.S. at 395 n.10), and the Fourth Amendment sets the applicable constitutional limitations for considering such claims, Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) (citing Gibson, 290 F.3d at 1198) (quotation marks omitted).

In resolving claims of excessive force brought by civil detainees, the Fourth Amendment's objective reasonableness standard applies. Lolli, 351 F.3d at 415. The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Id. (citing Graham, 490 U.S. at 397) (quotation marks omitted). The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake. Id. (quotation marks omitted). Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control. See Gibson, 290 F.3d at 1198 (citation omitted).

Plaintiff alleges that defendants Gardenhire, Barrett, and other unnamed defendants assaulted Plaintiff with bodily injury by taking food out of his hand and throwing him into a steel bar window, then to the floor over a chair. When Plaintiff became conscious, defendant Barrett

///

was twisting his left arm hard, causing pain in Plaintiff's shoulder, lower back, right arm, right eye, and left knee. Plaintiff alleges that he did not defend himself in any way.

The court finds, based on the current allegations, that Plaintiff states a claim for excessive force against defendant Barrett, but not against any other defendant. Plaintiff may, however, be able to state excessive force claims against defendant Gardenhire, and any of the individual Doe Defendants who personally participated in the alleged assault. To state a claim against them, Plaintiff must allege specific and detailed facts showing what each defendant personally did that caused a violation of Plaintiff's rights. Plaintiff's allegations in the Complaint are incomplete. Plaintiff alleges that he was assaulted and his food was taken from his hand, but Plaintiff has not explained what happened before the assault to cause Defendants to take his food and attack him. The court requires more information to determine the severity of the incident giving rise to the use of force and whether Plaintiff posed an immediate threat to the safety of Defendants or others. Plaintiff shall be granted leave to file an amended complaint curing the deficiencies in this claim found by the court. Also, as discussed above, Plaintiff must sufficiently identify the unnamed or Doe Defendants to enable the U.S. Marshal to locate them for service of process.

### G.  **Fourth Amendment -- Search and Seizure**

"[T]he Fourth Amendment right of people to be secure against unreasonable searches and seizures" extends to both prisoners and civil detainees such as Sexually Violent Predators. Thompson v. Souza, 111 F.3d 694, 699 (9th Cir. 1997) (quoting Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988)); Serna v. Goodno, 567 F.3d 944, 948–49 (8th Cir. 2009). "The reasonableness of a particular search is determined by reference to the [detention] context." Michenfelder, 860 F.2d at 332. There are concerns that mirror those that arise in the prison context: e.g., "the safety and security of guards and others in the facility, order within the facility and the efficiency of the facility's operations." Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir. 2001)).

"Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose condition of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 321–22 (1982). A civil detainee "is

entitled to protections at least as great as those afforded to a civilly committed individual and at least as great as those afforded to an individual accused but not convicted of a crime." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004). Nevertheless, civilly committed persons can "be subjected to liberty restrictions 'reasonably related to legitimate government objectives and not tantamount to punishment.'" Serna, 567 F.3d at 949 (quoting Youngberg, 457 U.S. at 320–21).

For the Fourth Amendment to apply, there must be a "reasonable expectation of privacy in the area invaded." Houx v. Koll, No. 1:15–CV–00146–LJO, 2015 WL 4138967, at *4 (E.D. Cal. July 8, 2015), subsequently aff'd in part, rev'd in part, 671 Fed.Appx. 445 (9th Cir. 2016) (quoting Espinosa v. City and County of San Francisco, 598 F.3d 528, 533 (9th Cir. 2010); Hudson v. Palmer, 468 U.S. 517, 525, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Bell v. Wolfish, 441 U.S. 520, 556–57, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The contours of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility are unclear, but assuming Plaintiff retains *any* reasonable expectation of privacy at all in his living area at Coalinga State Hospital, it would necessarily be of a diminished scope given Plaintiff's civil confinement. Houx, 2015 WL 4138967 at *4; see Bell, 441 U.S. at 556–57 (discussing detainee's expectation of privacy in cell or room at detention facility); see also Pesci v. Budz, No. 2:12–cv–227–FtM–29SPC, 2012 WL 4856746, at *6 (M.D. Fla. Oct. 12, 2012) (civil detainee did not have a reasonable expectation of privacy in his dormitory); Rainwater v. Bell, No. 2:10–cv–1727 GGH P, 2012 WL 3276966, at *11 (E.D. Cal. Aug. 9, 2012) (finding, on summary judgment, that civil detainee did not have a reasonable expectation of privacy in his jail cell); Pyron v. Ludeman, Nos. 10–3759 (PJS/JJG), 10–4236 (PJS/JJG), 2011 WL 3293523, at *6 (D. Minn. Jun. 6, 2011) (finding motion to dismiss should be granted because a search of a civil detainee's personal items in his cell does not violate the Fourth Amendment), report and recommendation adopted in full, 2012 WL 1597305 (D. Minn. Jul. 29, 2011); Riley v. Doyle, No. 06–C–574–C, 2006 WL 2947453, at *5 (W.D. Wis. Oct. 16, 2006) (civil detainee denied leave to proceed on Fourth Amendment claim arising out of repeated contraband searches because there is no

///

///

reasonable expectation of privacy in avoiding routine cell inspections and searches); but see Hoch v. Tarkenton, No. 1:10–cv–02258–DLB PC, 2013 WL 1004847, at *2 (E.D. Cal. Mar. 13, 2013) (finding cognizable Fourth Amendment claim arising from contraband search of civil detainee's hospital room); Stearns v. Stoddard, No. C11–5422–BHS–JRC, 2012 WL 1596965, at *3 (W.D. Wash. Apr. 11, 2012) (recognizing that whether a civil detainee housed in a secure facility has any expectation of privacy in his room is an open question and finding entitlement to summary judgment on Fourth Amendment claim based on qualified immunity), report and recommendation adopted in full, 2012 WL 1597305 (W.D. Wash. May 7, 2012).

While Plaintiff is not serving time as a convicted criminal, he is involuntarily serving a civil commitment term, or awaiting civil commitment proceedings at a secure facility, and he is not a free individual with a full panoply of rights. Hoch v. Mayberg, 1:10–CV–02258–AWI), 2014 WL 897034 at *5 (E.D. Cal. Mar. 6, 2014), report and recommendation not adopted in full, on other grounds, 2014 WL 2091244 (E.D. Cal. May 15, 2014). Maintaining facility security and effectively managing the facility are unquestionably legitimate, non-punitive government interests. Id. (citing Jones, 393 F.3d at 932 (quotation marks omitted)).

Plaintiff's allegations that his personal property was confiscated fail to state a cognizable claim for relief under the Fourth Amendment. Plaintiff's allegations do not describe a search and seizure of property supporting a plausible finding that the search and seizure were unreasonable under the circumstances. Thus, even if a reasonable expectation of privacy in Plaintiff's room can be established, Plaintiff has failed to allege sufficient facts to reflect an unreasonable search of his living area. Rotroff v. Ahlin, 1:13–cv–02017–LJO–MJ (PC), 2015 WL 1119539 at *6 (E.D. Cal. Mar. 11, 2015); see, e.g., Bell, 441 U.S. 520, 557 (1979) ("No one can rationally doubt that room searches represent an appropriate security measure . . . .") Accordingly, the court finds that Plaintiff fails to state a cognizable Fourth Amendment claim.

**H.    Seventh Amendment Claim**

Plaintiff brings a claim in the Complaint under the Seventh Amendment of the United States Constitution. The Seventh Amendment provides:

///

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII. Plaintiff makes no factual allegations in the Complaint to support a claim under the Seventh Amendment. Plaintiff has requested a jury trial in this case, (ECF No. 1 at 1), but there is no indication that Plaintiff's rights under the Seventh Amendment have been violated. Therefore, Plaintiff fails to state a claim under the Seventh Amendment.

I. **State Law Claims**

Plaintiff alleges violations of various state torts, such as assault, battery, elder abuse, and theft of property. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Here, the court has found that Plaintiff states a cognizable claim for excessive force under the Eighth Amendment, which is a federal claim.

1. **Assault and Battery**

Under California law, the definition of assault is "[a]n unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal.Penal Code § 240. An assault does not require either an intent to physically injure or an actual physical injury, but only the reasonable apprehension of imminent harmful touching. Kiseskey v. Carpenters' Trust for So. California, 144 Cal.App.3d 222, 232, 192 Cal.Rptr. 492 (1983).

Assault is attempted battery, while battery is a completed assault. People v. Colantuono, 7 Cal.4th 206, 216–17, 26 Cal.Rptr.2d 908, 865 P.2d 704 (1994) ("[I]t is impossible to commit battery without assaulting the victim.").

"'A battery is any willful and unlawful use of force or violence upon the person of another.' Cal.Penal Code § 242." Tekle ex rel. Tekle v. U.S., 457 F.3d 1088, 1102 (9th Cir. 2006). Under California civil law, the elements of a battery are as follows: (1) defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff. Id. (citing Cole v. Doe 1 thru 2 Officers of Emeryville Police Dep't, 387 F.Supp.2d 1084, 1101 (N.D. Cal. 2005)). To establish a claim of battery by a peace officer, the plaintiff must prove that (1) the defendant intentionally touched the plaintiff, (2) the defendant used unreasonable force, (3) the plaintiff did not consent to the use of that force, (4) the plaintiff was harmed, and (5) the use of unreasonable force was a substantial factor in causing the plaintiff's harm. Judicial Council of California Civil Jury Instruction 1305. Physical injury need not be present for a claim of battery. Kiseskey, 144 Cal.App.3d at 232.

Plaintiff bears the burden of proving the defendant used unreasonable force. Edson v. City of Anaheim, 63 Cal.App.4th 1269, 1272 (1998). Federal civil rights claims of excessive force are the federal counterpart of state battery claims. Id. at 1274; Munoz v. City of Union City, 120 Cal.App.4th 1077, 1102 n.6 (2004).

The court finds that Plaintiff states cognizable claims for assault and battery under California law. However, as discussed below at ¶ J.5., Plaintiff has not shown that he complied with the requirements of the Government Claims Act. Therefore, the court may not exercise supplemental jurisdiction over Plaintiff's state law claims for assault and battery.

### 2. **Elder Abuse**

Plaintiff refers to "Elder Abuse," but includes no allegations that could be construed as elder abuse and fails to identify a governing legal authority.

California's Elder Abuse Act ("Act"), Cal. Welf. & Inst. Code § 15600, et seq., was enacted to protect elders by providing enhanced remedies which encourage private civil enforcement of laws against elder abuse and neglect. Intrieri v. Superior Court, 117 Cal.App.4th 72, 82, 12 Cal.Rptr.3d 97 (2004); In re Conservatorship of Kayle, 134 Cal.App.4th 1, 5–6, 35 Cal.Rptr.3d 671 (2005). The Act makes additional damages available to a prevailing plaintiff

who proves abuse of an elder, or a person age 65 years or older. See Cal. Welf. & Inst. Code § 15610.27 ("'Elder' means any person residing in this state, 65 years-of-age or older"). The Act defines various acts as "abuse of an elder," including "[p]hysical abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering." Cal. Welf. & Inst. Code § 15610.07(a). Each of these types of elder abuse is further defined elsewhere in the Act. See also Cal. Welf. & Inst. Code § 15657 ("elder abuse" occurs when a person "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder . . . for a wrongful use or with intent to defraud or both.").

To state a claim under the Act, a plaintiff must allege facts to satisfy two requirements. First, a plaintiff must allege a defendant subjected an elder to statutorily-defined physical abuse, neglect, or financial abuse. Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 879 (N.D. Cal. 2010). The Act defines abuse as "[p]hysical abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering" or "[t]he deprivation by a care custodian of goods or services that are necessary to avoid physical harm or mental suffering." Worsham v. O'Connor Hosp., 226 Cal. App. 4th 331, 336 (2014) (emphasis omitted) (quoting Welf. & Inst. Code § 15610.07(a)-(b) ). The Elder Abuse Act defines neglect as "[t]he negligent failure of any person having the care or custody of an elder or a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise." Worsham, 226 Cal. App. 4th at 336 (quoting Welf. & Inst. Code § 15610.07(a)). "Neglect includes, but is not limited to" "[f]ailure to assist in personal hygiene, or in the provision of food, clothing, or shelter[,]" and "[f]ailure to protect from health and safety hazards." Id.

Second, "a plaintiff must allege that a defendant acted with recklessness, malice, oppression, or fraud in the commission of the abuse." Davenport, 725 F. Supp. 2d at 879. "The Act does not apply to simple or gross negligence . . . ." Worsham, 226 Cal. App. 4th at 336 (emphasis in original). "Oppression, fraud and malice involve intentional, willful, or conscious wrongdoing of a despicable or injurious nature." Carter, 198 Cal. App. 4th at 405 (quotations omitted) (quoting Delaney v. Baker, 20 Cal. 4th 23, 31 (1999)). "Recklessness involves

13

deliberate disregard of the high degree of probability that an injury will occur and rises to the level of a conscious choice of a course of action . . . with knowledge of the serious danger to others involved in it." Carter, 198 Cal. App. 4th at 405 (quotations omitted) (quoting Delaney, 20 Cal. 4th at 31-32). Thus, the Elder Abuse Act's enhanced remedies are available only for "'acts of egregious abuse' against elder and dependent adults." Carter, 198 Cal. App. 4th at 405 (quoting Delaney, 20 Cal. 4th at 35).

Plaintiff alleges that he was 68 years old during the time of the events at issue, demonstrating that he was an "elder" under the Elder Abuse Act. However, even liberally construed, there are no allegations that would support an inference that any of the Defendants acted with "recklessness, malice, oppression, or fraud," as required for liability under the Elder Abuse Act.

Therefore, Plaintiff fails to state a claim for elder abuse under the Elder Abuse Act.

### 3. Confiscation of Personal Property[2]

Civil detainees have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Where the state authorizes the deprivation of property by a policy or procedure, it is actionable under the Due Process Clause. Logan v. Zimmerman Brush Co., 455 U.S. 422, 433, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); Hudson, 468 U.S. at 532. However, deprivation of property caused by a negligent or random, unauthorized act of a state employee does not violate "the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Id. at 533; see Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Here, Plaintiff alleges that Defendants improperly confiscated his personal property, which indicates that the deprivation of property was intentional and unauthorized. However, Plaintiff has not described

---

[2] Plaintiff brings a claim in the Complaint for theft of his personal property. Compl. at 4 ¶ 2. To the extent that Plaintiff seeks to proceed against Defendants for the crime of theft, Plaintiff is unable to do so. There is no provision allowing an individual to bring a criminal case for theft. It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person. See Martinez v. Ensor, 958 F.Supp. 515, 518 (D.Colo. 1997). Accordingly, Plaintiff cannot bring a criminal case for theft in this § 1983 civil case. Therefore, the court construes Plaintiff's claim for theft as a claim for confiscation of his property.

14

the property in the Complaint that was confiscated from him or explained the circumstances of the confiscation. It is not sufficient to attach exhibits and expect the court to incorporate the information in the exhibits into Plaintiff's allegations. Plaintiff has included information in his exhibits that are important to his claims, but he has not included all of the information in his allegations in the Complaint. Exhibits are meant to provide evidence to the court, not to expand on the allegations. Plaintiff is cautioned that it is not the duty of the court to look through all of his exhibits to determine whether or not he has claims cognizable under § 1983. Rather, the court looks to the factual allegations contained in Plaintiff's Complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983.

Based on the foregoing, Plaintiff fails to state a claim for the confiscation of his property.

### 4. Government Claims Act

To bring his state tort claims in this § 1983 case, Plaintiff must show that he satisfied the conditions required under California's Government Claims Act before filing suit. Cal. Gov't Code §§ 945.4, 950.6. The Government Claims Act requires that a tort claim for damages against a public entity or its employees be presented to the California Victim Compensation Board[3] ("the board") no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 910, 911.2, 950.2, 950.6. The board has forty-five days to act on a claim, or an application for leave to file a late claim; and absent an extension by agreement, if the board fails to act within forty-five days, the claim is deemed rejected, or the application is deemed denied, on the last day of the prescribed period. Cal. Gov't Code §§ 911.6, 912.4. Presentation of a written claim and action on or rejection of the claim by the board are conditions precedent to suit. Cal. Gov't Code §§ 945.4, 950.6; Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239, 90 P.3d 116, 13 Cal.Rptr.3d 534 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Suit must be commenced not later than six months after the date the written notice is deposited in the

---

[3] Previously named the Victim Compensation and Government Claims Board until 2016.

mail, Cal. Gov't Code § 945.6(a)(1) (quotation marks omitted); Clarke v. Upton, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010); Baines Pickwick Ltd. v. City of Los Angeles, 72 Cal.App.4th 298, 303 (Cal. Ct. App. 1999), and if written notice is not given, suit must be commenced within two years from accrual, Cal. Gov't Code § 945.6; Baines Pickwick Ltd., 72 Cal.App.4th at 303.

Plaintiff has shown that he prepared a claim for submission to the California Victim Compensation Board, dated April 5, 2018, concerning the loss of his property, the assault and battery against him, and his elder abuse claim. Compl. at 6-7. However, Plaintiff has not alleged that he submitted the claim or indicated whether he received a response back. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Bodde, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543. Plaintiff has not submitted sufficient evidence that he complied with the requirements of the Government Claims Act prior to filing suit, and therefore his tort claims are barred from this action. Cal. Gov't Code §§ 945.4, 950.6. Plaintiff shall be granted leave to amend the complaint to show compliance with the Government Claims Act.

**V.    CONCLUSION AND ORDER**

For the foregoing reasons, the court finds that Plaintiff's Complaint states a cognizable claim against defendant Barrett for use of excessive force in violation of the Eighth Amendment. However, Plaintiff states no other claims in the Complaint upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Plaintiff shall be granted leave to either (1) file an amended complaint curing the deficiencies in his claims identified by the court, or (2) notify the court in writing that he does not wish to file an amended complaint and he is willing to proceed only with the excessive force claim found cognizable by the court, within thirty days.

If Plaintiff chooses to proceed with the excessive force claim found cognizable by the court, the court shall initiate service of process by the United States Marshal upon defendant Barrett.

If Plaintiff chooses to amend the complaint, the amended complaint should be brief but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional

or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe what that defendant did to violate Plaintiff's constitutional rights, and discuss the injuries he suffered as a result of the defendant's acts. Plaintiff should state clearly, in his own words, what happened.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Also, Plaintiff has not been granted leave to include allegations of events occurring after the date he filed the original Complaint, August 6, 2018.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey, 693 F 3d. at 907 n.1 (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty days from the date of service of this order, Plaintiff is required to either:
    (1) file an amended complaint curing the deficiencies in his claims identified by the court; or
    (2) notify the court in writing that he does not wish to file an amended complaint and is willing to proceed only with the excessive force claim against defendant Barrett found cognizable by the court;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-01049-GSA-PC; and

4. Plaintiff's failure to comply with this order will result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated: **May 24, 2019**       **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE